[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: #146 MOTION FOR CONTEMPT AND MODIFICATION
This post-judgment issue of visitation and child support has been visited by the court with substantial frequency since father's return from the State of California, when he expressed sincere desire to reenter his son's life in a meaningful fashion.
The child has a positive relationship with a therapist, and father has agreed to engage in a course of conversation with the child and the CT Page 5522 therapist. This court has elected to defer the appointment of counsel for the minor child to determine the effectiveness of this process.
The court was also asked to address the issue of child support. Based upon the current income of the parties, the Child Support Guidelines mandate one hundred four ($104.00) dollars per week to be paid by the defendant father to the plaintiff mother.
 The defendant has alleged that he cannot pay his household expenses and pay the increased amount. He currently pays sixty-five ($65.00) dollars per week, and there is no arrearage on that amount. The defendant is remarried and his wife is also employed outside the home. He argues that he has assumed all of the responsibility for their expenses, while her income, which was not disclosed, is utilized to save for investment in a future business that she anticipates creating.
The court finds that the argument is a not a permissible reason to deviate from the guidelines, and hence orders that child support be paid at the guideline level.
While the court can certainly understand the defendant's reasoning within the confines of his current marriage, as a matter of law, his current wife is obligated to contribute to her own support, and the court is duty bound to make his child the priority claim on his income.
The plaintiff claims that the judgment required the defendant to disclose his employment and income level. After returning from California, he resumed employment in January 1993 at his current job. The plaintiff seeks a finding of an arrearage in the amount equal to the number of weeks he should have disclosed his reemployment at this level, in addition to the sixty-five ($65.00) dollars he has been paying. The excess, or thirty-nine ($39.00) dollars times twenty one (21) weeks is eight hundred nineteen ($819.00) dollars which the court finds as an arrearage.
The court will permit the arrearage to be paid by first applying the actual unreimbursed portion of defendant's counseling expenses with the therapist. Upon discharge by the therapist, any balance remaining on the arrearage will be paid at the rate of ten ($10.00) dollars per week.
BY THE COURT,
DRANGINIS, J. CT Page 5523